UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAY STARKWEATHER,

        Petitioner,

v.                                                Case No. 07-C-513

JUDY SMITH,

        Respondent.

**ORDER**

On June 4, 2007, Jay Starkweather, by counsel, filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in Dunn County Circuit Court of first degree intentional homicide, attempted first degree intentional homicide, and reckless endangerment. He was sentenced to life imprisonment plus five years and is currently incarcerated at Oshkosh Correctional Institution.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies. I also examine the petition for timeliness.

First, I note that preliminary review of the petition reveals that it may have timeliness issues. 28 U.S.C. § 2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA), states that an application for writ of habeas corpus by a person in custody for a state conviction must be filed within one year of the latest of (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date an unlawful impediment to filing a petition is removed; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if newly recognized; or (D) the date on which the factual predicates of the claim could have been discovered through the exercise of due diligence. Any time during which a properly filed application for state post-conviction relief is pending is not counted toward the limitations period. 28 U.S.C. § 2244(d)(2).

Petitioner was convicted on December 27, 1996; his appeal was denied by the court of appeals on November 3, 1998, and the state supreme court denied his petition for review on January 12, 1999. The AEDPA clock does not start ticking until the ninety-day period for seeking review in the Supreme Court has expired. *Anderson v. Litscher,* 281 F.3d 672, 675 (7th Cir. 2002). Petitioner thus would have had one year from that date (April 2000) in which to bring the instant petition, absent circumstances qualifying him for a later date under one or more of the scenarios mentioned above. It is imagined that petitioner is relying on the fact that he subsequently has filed a number of post-conviction motions (the petition for review for the latest of these was denied on May 22, 2007). Properly filed post-conviction motions can suspend the one-year AEDPA clock, but they cannot resurrect a time period that has already expired. It appears (though it is unclear from the filings) that the petitioner is dangerously close to the one-year limit. For example, the petitioner

2

first filed a *pro se* post-conviction motion on December 22, 1999, some eight months and ten days after his time for filing a petition for certiorari in the Supreme Court expired. Following resolution of that post-conviction motion, there appears to be a gap of some three months during 2002, which brings the petitioner to eleven months and ten days. It is unclear from the petition, however, what happens next. It appears that a § 974.06 motion was filed in October 2002 but not denied by the circuit court (petitioner had also filed a related motion in the court of appeals) until May 2006. Those proceedings were appealed and ultimately denied by the state supreme court on May 22, 2007. This petition was then filed on June 6, 2007, which adds another two weeks. If the above description of his post-conviction proceedings proves accurate, it suggests that the petition may be timely, albeit barely. Questions remain about whether there were other gaps during petitioner's unusually long route through the state appeals system; it also remains to be seen whether all of petitioner's post-conviction motions were "properly filed." 28 U.S.C. § 2244(d)(2). These matters are more properly considered upon hearing from both sides, however.

As to the merits of the petition, Starkweather alleges he was denied his right to testify during the guilt phase of his trial (he pled not guilty by reason of mental disease or defect) and that the evidence was insufficient to convict him. He also brings several claims asserting ineffective assistance of trial and appellate counsel, all of which appear founded in the facts underlying the first two claims. These are at least colorable claims. "A criminal defendant's right to testify is 'a fundamental constitutional right.'" *Thompson v. Battaglia,* 458 F.3d 614, 619 (7th Cir. 2006) (quoting *Rock v. Arkansas,* 483 U.S. 44, 53 n. 10 (1987)). *Strickland v. Washington* guarantees adequate counsel during one's direct appeal, 466 U.S. 68 (1984), and the due process clause may be violated if no rational trier of fact could have found the essential elements of the crime beyond

3

a reasonable doubt on the evidence presented. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Piaskowski v. Casperson*, 126 F. Supp. 2d 1149, 1153 (E.D. Wis. 2001). Accordingly, the petitioner will be allowed to proceed on these claims, with the understanding that the respondent is not barred from raising any procedural or timeliness issues it may deem justified.

**THEREFORE, IT IS ORDERED** that within 30 days of the date of this order respondent shall either file an appropriate motion seeking dismissal or answer the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion in lieu of an answer, the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

If respondent files a dispositive motion and supporting brief in lieu of an answer, this briefing schedule will be suspended and the briefing schedule will instead be as follows: (1) petitioner shall have 30 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 15 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7.1(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent. Until respondent files his or her answer, these copies should be sent to Gregory Weber at the address below.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent and to the Attorney General for the State of Wisconsin, c/o Gregory M. Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

This district's form regarding magistrate judge jurisdiction should be included with copies of this order and returned by the parties as directed on that form.

Dated this    21st    day of June, 2007.

                                          s/ William C. Griesbach
                                          William C. Griesbach
                                          United States District Judge